UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>UMALL TECHNOLOGY S.A.R.L.,<br><br>Defendant. | § § § § § § § § § § § | Case No. 2:23-cv-230<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff Whirlpool Corporation, and for its Complaint against Umall Technology S.A.R.L. ("Defendant" or "Umall"), states as follows:

## PARTIES

1.      Plaintiff Whirlpool Corporation is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 2000 North M-63, Benton Harbor, Michigan. Whirlpool Corporation owns United States Patent Nos. 7,000,894 ("the '894 patent"); 8,356,716 ("the '716 patent"); 8,591,736 ("the '736 patent"); 8,845,896 ("the '896 patent"); 9,937,451 ("the '451 patent"); and the 10,010,820 ("the '820 patent").

2.      Defendant Umall is a limited liability company organized in France. Umall maintains a registered address at 15 Rue des Halles 75001 Paris, France.

## JURISDICTION & VENUE

3.      Counts I-VI arise under the patent laws of the United States, Title 35 United States Code.  The jurisdiction of this Court is proper under 35 U.S.C. § 271 *et seq.* and 28 U.S.C. § 1331, § 1332, and § 1338.

4.      Defendant is a manufacturer, importer, distributor, and/or seller of water filters for refrigerators.

5.      Defendant has offered for sale and sold throughout the United States non-genuine Whirlpool replacement water filters that infringe one or more claims of the '894 patent, such as filters sold under the brand name "Dearfilter" and other filters that purport to be replacements for the Whirlpool Filter 1 and Filter 3 model filters.  These filters include, but are not necessarily limited to, Dearfilter-labeled filters bearing model numbers DF001 and DF004, and other filters that purport to be replacements for the Whirlpool Filter 1 and Filter 3 model filters.

6.      Defendant has offered for sale and sold non-genuine Whirlpool replacement refrigerator water filters that infringe one or more claims of the '894 patent to residents and citizens of Texas who reside within this district.

7.      Defendant has offered for sale and sold throughout the United States non-genuine Whirlpool replacement water filters that infringe one or more claims of the '716 patent; the '736 patent; the '896 patent; the '451 patent; and the '820 patent, such as the filters sold under the brand name "Dearfilter" that purport to be replacements for the Whirlpool Filter 2 and ICE2 model filters. These filters include, but are not necessarily limited to, Dearfilter-branded filters bearing model number DF005 and DF005A, and other filters that purport to be replacements for the Whirlpool Filter 2 and ICE2 model filters.

8.      Defendant has offered for sale and sold non-genuine Whirlpool refrigerator water filters that infringe one or more claims of the '716 patent; the '736 patent; the '896 patent; the '451 patent; and the '820 patent to residents and citizens of Texas who reside within this district.

9.      Defendant's non-genuine Whirlpool refrigerator water filters that infringe one or more claims of the '894 patent; the '716 patent; the '736 patent; the '896 patent; the '451 patent;

and/or the '820 patent are hereafter referred to as the "accused products" or the "infringing filters."

10.      The Court has personal jurisdiction over Defendant because Defendant has actively engaged in the advertising for sale, offers for sale, sales, and/or distribution of the accused products in Texas, including the Eastern District of Texas.

11.      Venue is proper as to Defendant because as Defendant is not a resident of the United States, Defendant may be sued in any judicial district.

### **FACTS AND ALLEGATIONS COMMON TO ALL COUNTS**

12.      Whirlpool repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

13.      Defendant is offering for sale and selling the accused products via its website, www.dearfilter.com.

14.      When a consumer visits the www.dearfilter.com website, dozens of listings for accused products are displayed, as shown here:



15.     When a consumer follows a link for one of the accused products, Defendant then offers to sell and sells the accused products through listings such as the following:



16.     Although Defendant offers dozens of listings for the accused products on the websites, Defendant does not offer for sale a single genuine Whirlpool water filter.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,000,894

17.     Whirlpool repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

18.     On February 21, 2006, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 7,000,894 ("the '894 patent") entitled "Fluidic Cartridges and End Pieces Thereof." On March 3, 2014, the USPTO issued an ex parte reexamination certificate for the '894 patent. Appended as Exhibit A is a true and correct copy of the '894 patent, inclusive of the ex parte reexamination certificate.

19.     Whirlpool is the owner by assignment of the entire right, title and interest in and to the '894 patent, including the right to sue and recover past, present, and future damages for

infringement.

20. Whirlpool manufactures products that practice the '894 patent, including Whirlpool "Filter 1" and "Filter 3" refrigerator water filters, and marks such products with the '894 patent.

21. The validity and enforceability of the '894 patent has been recognized and acknowledged in Consent Judgments and/or Default Judgments in the cases captioned *Whirlpool Corporation v. Brauchla TV, Inc. d/b/a Brauchla TV & Appliance*, Civil Action No. 2:15-cv-2068 (E.D. Tex. Jan. 27, 2016) (Document 5); *Whirlpool Corporation v. National Trade Supply, LLC*, Civil Action No. 2:15-cv-1701-JRG (E.D. Tex. Jan. 22, 2016) (Document 5); *Whirlpool Corporation v. Zipras, Inc.*, Civil Action No. 2:15-cv-1636-JRG (E.D. Tex. Jan. 8, 2016) (Document 7); *Whirlpool Corporation v. Air 1 Supply, Inc.*, Civil Action No. 2:15-cv-1640-JRG (E.D. Tex. Oct. 30, 2015) (Document 6), *Whirlpool Corporation v. Global Parts Supply, LLC d/b/a Pandora's OEM Appliance Parts*, Civil Action No. 2:15-cv-1563-JRG (E.D. Tex. Oct. 30, 2015) (Document 7); *Whirlpool Corporation v. JJ Wholesale Group Inc. d/b/a Bob's Filters and Joseph Spira*, Civil Action No. 2:15-cv-1565-JRG (E.D. Tex. Nov. 12, 2015) (Document 11); *Whirlpool Corporation v. Spectacular Products and William Long*, Civil Action No. 2:15-cv-86 consolidated with 2:15-cv-2103 (E.D. Tex. Apr. 6, 2016) (Document 20); *Whirlpool Corporation v. Dilmen, LLC d/b/a Coral Premium Water Filters and Huseyin Dilmen*, Civil Action No. 2:15-cv-1722 consolidated with 2:15-cv- 2103 (E.D. Tex. Apr. 6, 2016) (Document 17); *Whirlpool Corporation v. Radiant Marketing, LLC d/b/a Clear Sip Water Filters*, Civil Action No. 2:15-cv-2101 consolidated with 2:15-cv-02103-JRG (E.D. Tex. Apr. 14, 2016) (Document 23); *Whirlpool Corporation v. Purenex, Inc.*, Civil Action No. 2:16-cv-028 consolidated with 2:15-cv-02103-JRG (E.D. Tex. Apr. 22, 2016) (Document 32); *Whirlpool Corporation v. iSpring Water Systems, LLC d/b/a 123Filter.com*, Civil Action No. 2:16-cv-107 consolidated with 2:15-cv-02103-JRG (E.D. Tex. May 6, 2016) (Document 41-2); *Whirlpool Corporation v. Craft Appliances, Inc. and Brian*

*Craft*, Civil Action No. 2:16- cv-084 consolidated with 2:15-cv-02103-JRG (E.D. Tex. May 17, 2016) (Document 51); *Whirlpool Corporation v. Compatible Parts, LLC*, Civil Action No. 2:16-cv-445 (E.D. Tex. June 22, 2016) (Document 9); *Whirlpool Corporation v. A&M Distribution, LLC, Aymeric Monello and Megan Grant,* Civil Action No. 2:16-cv-106 (E.D. Tex. July 20, 2016) (Document 8); *Whirlpool Corporation v. DG Enterprises, LLC d/b/a Splash Filters,* Civil Action No. 2:16-cv-109 (E.D. Tex. July 15 2016) (Document 8); *Whirlpool Corporation v. PS Newby, LLC d/b/a Sylvia Water Purification,* Civil Action No. 2:16- cv-137 consolidated with 2:16-cv-565 (E.D. Tex. July 26, 2016) (Document 7); *Whirlpool Corporation v. Arclyte Technologies, Inc.,* Civil Action No. 2:16-cv-138 (E.D. Tex. July 14, 2016) (Document 8); *Whirlpool Corporation v. Pricebreak, Inc.,* Civil Action No. 2:16-cv-416 consolidated with 2:16-cv-565 (E.D. Tex. July 26, 2016) (Document 7); *Whirlpool Corporation v. iSave.com, Inc.,* Civil Action No. 2:16-cv-418 (E.D. Tex. Aug. 4, 2016) (Document 7); *Whirlpool Corporation v. Crystal Rose Trading, Inc. d/b/a UltimatePurification USA,* Civil Action No. 2:16-cv-560 (E.D. Tex. Aug. 8, 2016) (Document 7); *Whirlpool Corporation v. Woodside Distributors, Inc.,* Civil Action No. 2:16-cv-565 (E.D. Tex. July 26, 2016) (Document 7); *Whirlpool Corporation v. Blue Grizzly Supply, Inc.,* Civil Action No. 2:16-cv-585 consolidated with 2:16-cv-565 (E.D. Tex. Aug. 8, 2016) (Document 10); *Whirlpool Corporation v. Odoga Enterprises,* Civil Action No. 2:16-cv-685 consolidated with 2:16-cv-565 (E.D. Tex. July 26, 2016) (Document 7); *Whirlpool Corporation v. Enow Wholesale, Inc.,* Civil Action No. 2:16- cv-737 (E.D. Tex. Apr. 12, 2017) (Document 24); *Whirlpool Corporation v. Brixton Holdings, LLC,* Civil Action No. 2:16-cv-822 (E.D. Tex. Nov. 4, 2016) (Document 9); *Whirlpool Corporation v. AWP Group, Inc. d/b/a Water Filters Fast,* Civil Action No. 2:16-cv-988 (E.D. Tex. Jan. 31, 2017) (Document 16); *Whirlpool Corporation v. Pavel Water Filtration, Inc. and Henry H. Pavel*, Civil Action No. 2:16-cv-146 consolidated with 2:15-cv-02103 (E.D. Tex. Jan. 27, 2017) (Document 143); *Whirlpool Corporation v. Tianjin Jinghai Yunda*

*Industry and Trade Co., Ltd.*, Civil Action No. 2:16-cv-229 consolidated with 2:15-cv-2103 (E.D. Tex. Feb. 27, 2017) (Document 146); *Whirlpool Properties, Inc. v. Busers Imports LLC*, Civil Action No. 2:19-cv-00151 (E.D. Tex. June 17, 2020) (Document 103); *Whirlpool Properties, Inc. v. Asscon International Company Limited LLC and CSWY International Limited*, Civil Action Nos. 2:20-cv-00042 and 2:20-cv-00043 (E.D. Tex. Apr. 27, 2020) (Document 98); *Whirlpool Corporation v. Shenzhen Lujian Technology Co., Ltd.*, Civil Action No. 2:21-cv-00397 (E.D. Tex. June 2, 2022) (Document 16); *Whirlpool Corporation v. Individuals, Partnerships, and Unincorporated Associations that Own or Operate www.dfilters.com*, Civil Action No. 2:21-cv-00398 (E.D. Tex. June 2, 2022) (Document 18); *Whirlpool Corporation v. Bumperr Ltd.*, Civil Action No. 2:21-cv-00432 (E.D. Tex. Dec. 29, 2022) (Document 16); and *Whirlpool Corporation v. Individuals, Partnerships, and Unincorporated Associations that Own or Operate www.purerdrop.com*, Civil Action No. 2:21-cv-00433 (E.D. Tex. Dec. 29, 2022) (Document 20).

22.     In violation of 35 U.S.C. § 271, Defendant directly infringes one or more claims of the '894 patent, including but not limited to at least claim 1 by making, using, selling and/or offering to sell in the United States or importing into the United States infringing filters, including (1) Dearfilter-branded filters bearing model numbers DF001 or DF004; (2) filters sold on the website www.dearfilter.com that purport to be replacements for or compatible with the Whirlpool Filter 1 or Filter 3 model filters; and/or (3) any other products that purport to be replacements for or compatible with the Whirlpool Filter 1 or Filter 3 model filters, which include an end piece for operatively engaging a head assembly, the head assembly comprising one or more valves, for the treatment and control of fluid passing through the head assembly, said end piece comprising (a) an end piece wall; (b) an inlet fitting having a cam surface, said inlet fitting having a longitudinal axis; (c) an outlet fitting; and (d) a protrusion having a longitudinal axis; wherein said inlet fitting, said outlet fitting, and said protrusion extend from said end piece wall. Accordingly, Defendant

literally infringes one or more claims of the '894 patent or does so under the doctrine of equivalents.

23.    In addition, Defendant directly infringes at least claim 4 by making, using, selling and/or offering to sell in the United States or importing into the United States infringing filters, including (1) Dearfilter-branded filters bearing model numbers DF001 or DF004; (2) filters sold on the website www.dearfilter.com that purport to be replacements for or compatible with the Whirlpool Filter 1 or Filter 3 model filters; and/or (3) any other products that purport to be replacements for or compatible with the Whirlpool Filter 1 or Filter 3 model filters, which include a cartridge for operatively engaging a head assembly, the head assembly comprising one or more valves, for the treatment and control of fluid passing through the head assembly, said cartridge comprising (a) an end piece wall; (b) an inlet fitting having a cam surface, said inlet fitting having a longitudinal axis; (c) an outlet fitting having a cam surface, said outlet fitting having a longitudinal axis; and (d) a protrusion having a longitudinal axis and positioned between said inlet fitting and said outlet fitting; wherein said inlet fitting, said outlet fitting, and said protrusion extend from said end piece wall; and a cartridge housing having a first end, a closed second end, and a longitudinal axis extending there between; wherein said end piece wall is connected to said first end of  said cartridge housing, and wherein a portion of said cam surface of said inlet fitting is vectored from at least one of said longitudinal axis of said outlet fitting, and said longitudinal axis of said cartridge housing, and wherein a portion of said cam surface of said  outlet  fitting  is vectored from at least one of said longitudinal axis of said outlet fitting, and said longitudinal axis of said cartridge housing. Accordingly, Defendant literally infringes one or more claims of the '894 patent or does so under the doctrine of equivalents.

24.    Defendant will continue to infringe one or more claims of the '894 patent unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the

'894 patent, Whirlpool has been and continues to be damaged.

25.    Defendant indirectly infringes through induced and/or contributory infringement, the '894 patent.  On information and belief, Defendant had prior knowledge of the '894 patent, such as through Whirlpool's marking of Filter 1 and 3 products.

26.    Despite Defendant having notice of the '894 patent, Defendant continues to make, use, sell and/or offer to sell and provide installation, operational support, and instructions for infringing filters, including with the knowledge or willful blindness that its conduct will induce Defendant's customers to infringe the '894 patent, including advertising the infringing filters as compatible with or replacements for Whirlpool filters. Through such activities, Defendant specifically intends that its customers directly infringe the '894 patent.

27.    On information and belief, Defendant is contributorily infringing and will continue to contributorily infringe one or more claims of the '894 patent for the following reasons. On information and belief, Defendant had prior knowledge of the '894 patent, for instance, due to Whirlpool's marking of Filter 1 and 3 products and  Defendant's procurement of the infringing products. Defendant provides to customers, the direct infringers, the replacement filters, such as the Dearfilter DF001 and DF004, that lack substantial non-infringing uses and that lead to infringement when installed into refrigerators' water filter assemblies. These infringing components are a material part of the installation of a replacement filter into the refrigerator's water filter assembly, whose water filtering system would not function properly without them.

28.    On information and belief, Defendant's infringement occurred with knowledge of the '894 patent and thus has been and will continue to be willful and deliberate. Whirlpool Filter 1 and 3 products have been marked to give competitors notice of the '894 patent. On information and belief, Defendant sought to copy Whirlpool's patented Filter 1 and 3 designs. Defendant's egregious conduct constitutes willful and deliberate infringement, which entitles Whirlpool to

enhanced damages under 35 U.S.C. § 285.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 8,356,716

29.    Whirlpool repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

30.    On January 22, 2013, the USPTO duly and legally issued United States Patent No. 8,356,716 ("the '716 patent") entitled "Filter Unit."  Appended as Exhibit B is a true and correct copy of the '716 patent.

31.    Whirlpool is the owner of the entire right, title and interest in and to the '716 patent, including the right to sue and recover past, present, and future damages for infringement.

32.    Whirlpool manufactures products that practice the '716 patent, including Whirlpool "Filter 2" and "ICE2" filters, and marks such products with the '716 patent.

33.    The validity and enforceability of the '716 patent has been recognized and acknowledged in Final Judgments in the cases captioned *Whirlpool Corporation v. Tianjin Jinghai Yunda Industry and Trade Co., Ltd. a/k/a Yunda Industry & Trade Co. d/b/a Yunda Filter Co., and Wayne Wei and Rose Lu*, Civil Action No. 2:16-cv-229 (E.D. Tex.Feb. 17, 2017) (Document 146); *Whirlpool Corporation v. Dilmen, LLC d/b/a Coral Premium Water Filters, and Huseyin Dilmen*, Civil Action No. 2:15-cv-2056 (E.D. Tex. Apr. 6, 2016) (Document 18); *Whirlpool Corporation v. Ahmet Matt Ozcan d/b/a Discountfilter*, Civil Action No. 2:15-cv-2103 (E.D. Tex. Oct. 25, 2016) (Document 109); *Whirlpool Corporation v. Craft Appliances, Inc. et al.*, Civil Action No. 2:16-cv-084 (E.D. Tex. May 15, 2016) (Document 615); *Whirlpool Properties, Inc. v. Busers Imports LLC*, Civil Action No. 2:19-cv-00151 (E.D. Tex. June 17, 2020) (Document 103); *Whirlpool Properties, Inc. v. Asscon International Company Limited LLC and CSWY International Limited*, Civil Action Nos. 2:20-cv-00042 and 2:20-cv-00043 (E.D. Tex. Apr. 27, 2020) (Document 98); *Whirlpool Corporation v. Shenzhen Lujian Technology Co., Ltd.*, Civil Action

No. 2:21-cv-00397 (E.D. Tex. June 2, 2022) (Document 16); *Whirlpool Corporation v. Individuals, Partnerships, and Unincorporated Associations that Own or Operate* www.dfilters.com, Civil Action No. 2:21-cv-00398 (E.D. Tex. June 2, 2022) (Document 18); and *Whirlpool Corporation v. Individuals, Partnerships, and Unincorporated Associations that Own or Operate* www.purerdrop.com, Civil Action No. 2:21-cv-00433 (E.D. Tex. Dec. 29, 2022) (Document 20).

34.    In violation of 35 U.S.C. § 271, Defendant directly infringes one or more claims of the '716 patent, including but not limited to at least claim 1 by making, using, selling and/or offering to sell in the United States or importing into the United States the infringing filters, including (1) Dearfilter-branded filters bearing model numbers DF005 or DF005A; (2) filters sold on the website www.dearfilter.com that purport to be replacements for or compatible with the Whirlpool Filter 2 or ICE2 model filters; and/or (3) any other products that purport to be replacements for or compatible with the Whirlpool Filter 2 or ICE2 model filters, which include a substantially cylindrical body portion having a proximal end and a distal end; first and second engagement surfaces that traverse at least a part of the body portion where the first and second engagement surfaces include a first segment that extends substantially parallel with the longitudinal extent of the body portion, a second segment that extends at an acute angle relative to the first segment, and a third segment that extends in a direction different than the first and second segments; a laterally extending key member disposed on the body portion; an engagement protrusion extending from the proximal end of the body portion and having a sidewall with a water inlet and a concave engagement wall with a water outlet, wherein a periphery of the engagement wall includes a first portion having a first radius of curvature and a second portion having a second radius of curvature that is larger than the first radius of curvature; and first and second seals disposed about the sidewall, wherein the water inlet is disposed between the first and second seals.

Accordingly, Defendant literally infringes one or more claims of the '716 patent or does so under the doctrine of equivalents.

35.    Defendant will continue to infringe one or more claims of the '716 patent unless enjoined by this Court.  As a direct and proximate result of Defendant's direct infringement of the '716 patent, Whirlpool has been and continues to be damaged.

36.    Defendant indirectly infringes, through induced and/or contributory infringement, the '716 patent.  Defendant had prior knowledge of the '716 patent, such as through Whirlpool's marking of Filter 2 and ICE2 products and Defendant's procurement of the infringing filters.

37.    Defendant indirectly infringes through induced and/or contributory infringement, the '716 patent.  On information and belief, Defendant had prior knowledge of the '716 patent, such as through Whirlpool's marking of the Filter 2 and ICE2 product and Defendant's procurement of the infringing filters.

38.    Despite Defendant having notice of the '716 patent, Defendant continues to make, use, sell and/or offer to sell and provide installation, operational support, and instructions for the infringing filters, including with the knowledge or willful blindness that its conduct will induce Defendant's customers to infringe one or more claims of the '716 patent, including advertising the infringing filters as compatible with or replacements for Whirlpool filters.  Through such activities, Defendant specifically intends that its customers directly infringe one or more claims of the '716 patent.

39.    On information and belief, Defendant is contributorily infringing and will continue to contributorily infringe one or more claims of the '716 patent for the following reasons. Defendant provides to its customers, the direct infringers, the replacement filters, such as the Dearfilter DF005 and DF005A model filters, that lack substantial non-infringing uses and that lead to infringement when installed into refrigerators' water filter assemblies.  These infringing

components are a material part of the installation of a replacement filter into the refrigerator's water filter assembly, whose water filtering system would not function properly without them.

40.     Defendant's infringement occurred with knowledge of the '716 patent and thus has been and will continue to be willful and deliberate.

41.     On information and belief, Defendant sought to copy Whirlpool's patented Filter 2 and ICE2 design.  Defendant's egregious conduct constitutes willful and deliberate infringement, which entitles Whirlpool to enhanced damages under 35 U.S.C. § 285.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 8,591,736

42.     Whirlpool repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

43.     On November 26, 2013, the USPTO duly and legally issued United States Patent No. 8,591,736 ("the '736 patent") entitled "Water Filter Unit."  Appended as Exhibit C is a true and correct copy of the '736 patent.

44.     Whirlpool is the owner of the entire right, title and interest in and to the '736 patent, including the right to sue and recover past, present, and future damages for infringement.

45.     Whirlpool manufactures products that practice the '736 patent, including Whirlpool "Filter 2" refrigerator water filters, and marks such products with the '736 patent.

46.     The validity and enforceability of the '736 patent has been recognized and acknowledged in Final Judgments in the cases captioned *Whirlpool Corporation v. Tianjin Jinghai Yunda Industry and Trade Co., Ltd. a/k/a Yunda Industry & Trade Co. d/b/a Yunda Filter Co., and Wayne Wei and Rose Lu*, Civil Action No. 2:16-cv-229 (E.D. Tex.Feb. 17, 2017) (Document 146); *Whirlpool Corporation v. Dilmen, LLC d/b/a Coral Premium Water Filters, and Huseyin Dilmen*, Civil Action No. 2:15-cv-2056 (E.D. Tex. Apr. 6, 2016) (Document 18); *Whirlpool Corporation v. Ahmet Matt Ozcan d/b/a Discountfilter*, Civil Action No. 2:15-cv-2103 (E.D. Tex. Oct. 25,

2016) (Document 109); *Whirlpool Corporation v. Craft Appliances, Inc. et al.*, Civil Action No. 2:16-cv-084 (E.D. Tex. May 15, 2016) (Document 615); *Whirlpool Properties, Inc. v. Busers Imports LLC*, Civil Action No. 2:19-cv-00151 (E.D. Tex. June 17, 2020) (Document 103); *Whirlpool Properties, Inc. v. Asscon International Company Limited LLC and CSWY International Limited*, Civil Action Nos. 2:20-cv-00042 and 2:20-cv-00043 (E.D. Tex. Apr. 27, 2020) (Document 98); *Whirlpool Corporation v. Shenzhen Lujian Technology Co., Ltd.*, Civil Action No. 2:21-cv-00397 (E.D. Tex. June 2, 2022) (Document 16); *Whirlpool Corporation v. Individuals, Partnerships, and Unincorporated Associations that Own or Operate www.dfilters.com*, Civil Action No. 2:21-cv-00398 (E.D. Tex. June 2, 2022) (Document 18); and *Whirlpool Corporation v. Individuals, Partnerships, and Unincorporated Associations that Own or Operate www.purerdrop.com*, Civil Action No. 2:21-cv-00433 (E.D. Tex. Dec. 29, 2022) (Document 20).

47.    In violation of 35 U.S.C. § 271, Defendant directly infringes one or more claims of the '736 patent, including but not limited to at least claim 1 by making, using, selling and/or offering to sell in the United States or importing into the United States the infringing filters, including (1) Dearfilter-branded filters bearing model numbers DF005 or DF005A; (2) filters sold on the website www.dearfilter.com that purport to be replacements for or compatible with the Whirlpool Filter 2 or ICE2 model filters; and/or (3) any other products that purport to be replacements for or compatible with the Whirlpool Filter 2 or ICE2 model filters, which include a body portion having a proximal end and a distal end; and an engagement protrusion extending from the proximal end of the body portion, the engagement protrusion having a cross-section with only one axis of symmetry such that a cross-section of the engagement protrusion has a generally egg-shaped configuration, and a laterally extending key member disposed on the body portion. Accordingly, Defendant literally infringes one or more claims of the '736 patent or does so under

the doctrine of equivalents.

48.     Defendant will continue to infringe one or more claims of the '736 patent unless enjoined by this Court.  As a direct and proximate result of Defendant's direct infringement of the '736 patent, Whirlpool has been and continues to be damaged.

49.     Defendant indirectly infringes, through induced and/or contributory infringement, the '736 patent.  On information and belief, Defendant had prior knowledge of the '736 patent, such as through Whirlpool's marking of the Filter 2 and ICE2 products and Defendant's procurement of the infringing filters.

50.     Despite Defendant having notice of the '736 patent, Defendant continues to make, use, sell and/or offer to sell and provide installation, operational support, and instructions for infringing filters, including with the knowledge or willful blindness that their conduct will induce Defendant's customers to infringe one or more claims of the '736 patent, including advertising the infringing filters as compatible with or replacements for Whirlpool filters.  Through such activities, Defendant specifically intends that its customers directly infringe one or more claims of the '736 patent.

51.     On information and belief, Defendant is contributorily infringing and will continue to contributorily infringe one or more claims of the '736 patent for the following reasons. Defendant provides to its customers, the direct infringers, the replacement filters, such as the DearFilter DF005 and DF005A filters, that lack substantial non-infringing uses and that lead to infringement when installed into refrigerators' water filter assemblies.  These infringing components are a material part of the installation of a replacement filter into the refrigerator's water filter assembly, whose water filtering system would not function properly without them.

52.     On information and belief, Defendant had actual and/or constructive notice of the '736 patent.

53.     On information and belief, Defendant's infringement occurred with knowledge of the '736 patent and thus has been and will continue to be willful and deliberate.

54.     On information and belief, Defendant sought to copy Whirlpool's patented Filter 2 and ICE2 designs.  Defendant's egregious conduct constitutes willful and deliberate infringement, which entitles Whirlpool to enhanced damages under 35 U.S.C. § 285.

**COUNT IV**
**INFRINGEMENT OF U.S. PATENT NO. 8,845,896**

55.     Whirlpool repeats and re-alleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

56.     On September 30, 3014, the USPTO duly and legally issued United States Patent No. 8,845,896 ("the '896 patent") entitled "Filter Unit."   Appended as Exhibit D is a true and correct copy of the '896 patent.

57.     Whirlpool is the owner of the entire right, title and interest in and to the '896 patent, including the right to sue and recover past, present, and future damages for infringement.

58.     Whirlpool manufactures products that practice the '896 patent, including Whirlpool "Filter 2" and "ICE2" filters, and marks such products with the '896 patent.

59.     The validity and enforceability of the '896 patent has been recognized and acknowledged in Final Judgments in the patent infringement cases captioned *Whirlpool Properties, Inc. v. Asscon International Company Limited LLC et al.*, Civil Action Nos. 2:20-CV-00042 and 2:20-CV-00043 (E.D. Tex. Apr. 27, 2020); *Whirlpool Properties, Inc. v. Busers Imports LLC*, Civil Action No. 2:19-cv-00151 (E.D. Tex. June 17, 2020) (Document 103); *Whirlpool Corporation v. Shenzhen Lujian Technology Co., Ltd.*, Civil Action No. 2:21-cv-00397 (E.D. Tex. June 2, 2022) (Document 16); *Whirlpool Corporation v. Individuals, Partnerships, and Unincorporated Associations that Own or Operate www.dfilters.com*, Civil Action No. 2:21-cv-00398 (E.D. Tex. June 2, 2022) (Document 18); and *Whirlpool Corporation v. Individuals,*

*Partnerships, and Unincorporated Associations that Own or Operate www.purerdrop.com*, Civil Action No. 2:21-cv-00433 (E.D. Tex. Dec. 29, 2022) (Document 20).

60.     In violation of 35 U.S.C. § 271, Defendant directly infringes one or more claims of the '896 patent, including but not limited to at least claim 1 by making, using, selling and/or offering to sell in the United States or importing into the United States the infringing filters, including (1) Dearfilter-branded filters bearing model numbers DF005 or DF005A; (2) filters sold on the website www.dearfilter.com that purport to be replacements for or compatible with the Whirlpool Filter 2 or ICE2 model filters; and/or (3) any other products that purport to be replacements for or compatible with the Whirlpool Filter 2 or ICE2 model filters, which include a filter unit with a body portion adapted for engagement with a filter head assembly; an engagement protrusion extending from the body portion, wherein the engagement protrusion has a cross-section with only one axis of symmetry; a side aperture disposed on the engagement protrusion; an end aperture disposed on the engagement protrusion; a curve engagement surface disposed on the engagement protrusion proximate the end aperture; and at least one seal disposed on the engagement protrusion, wherein a cross-section taken perpendicular to the longitudinal extent of the engagement protrusion, taken at the seal, has only one axis of symmetry.  Accordingly, Defendant literally infringes one or more claims of the '896 patent or does so under the doctrine of equivalents.

61.     Defendant will continue to infringe one or more claims of the '896 patent unless enjoined by this Court.  As a direct and proximate result of Defendant's direct infringement of the '896 patent, Whirlpool has been and continues to be damaged.

62.     Defendant indirectly infringes, through induced and/or contributory infringement, the '896 patent.  Defendant had prior knowledge of the '896 patent, such as through Whirlpool's marking of Filter 2 and ICE2 products and Defendant's procurement of the infringing filters.

63.     Defendant indirectly infringes through induced and/or contributory infringement, the '896 patent.  On information and belief, Defendant had prior knowledge of the '896 patent, such as through Whirlpool's marking of the Filter 2 and ICE2 products and Defendant's procurement of the infringing filters.

64.     Despite Defendant having notice of the '896 patent, Defendant continues to make, use, sell and/or offer to sell and provide installation, operational support, and instructions for infringing filters, including with the knowledge or willful blindness that its conduct will induce Defendant's customers to infringe one or more claims of the '896 patent, including advertising the infringing filters as compatible with or replacements for Whirlpool filters.  Through such activities, Defendant specifically intends that its customers directly infringe one or more claims of the '896 patent.

65.     On information and belief, Defendant is contributorily infringing and will continue to contributorily infringe one or more claims of the '896 patent for the following reasons. Defendant provides to its customers, the direct infringers, the replacement filters, such as the Dearfilter DF005 and DF005A model filters, that lack substantial non-infringing uses and that lead to infringement when installed into refrigerators' water filter assemblies.  These infringing components are a material part of the installation of a replacement filter into the refrigerator's water filter assembly, whose water filtering system would not function properly without them.

66.     Defendant's infringement occurred with knowledge of the '896 patent and thus has been and will continue to be willful and deliberate.

67.     On information and belief, Defendant sought to copy Whirlpool's patented Filter 2 and ICE2 designs.  Defendant's egregious conduct constitutes willful and deliberate infringement, which entitles Whirlpool to enhanced damages under 35 U.S.C. § 285.

**COUNT V**
**INFRINGEMENT OF U.S. PATENT NO. 9,937,451**

68.    Whirlpool repeats and re-alleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

69.    On April 10, 2018, the USPTO duly and legally issued United States Patent No. 9,937,451 ("the '451 patent") entitled "Filter Unit."  Appended as Exhibit E is a true and correct copy of the '451 patent.

70.    Whirlpool is the owner of the entire right, title and interest in and to the '451 patent, including the right to sue and recover past, present, and future damages for infringement.

71.    Whirlpool manufactures products that practice the '451 patent, including Whirlpool "Filter 2" and "ICE2" filters, and marks such products with the '451 patent.

72.    The validity and enforceability of the '451 patent has been recognized and acknowledged in Final Judgments in the patent infringement cases captioned *Whirlpool Properties, Inc. v. Asscon International Company Limited LLC et al.*, Civil Action Nos. 2:20-CV-00042 and 2:20-CV-00043 (E.D. Tex. Apr. 27, 2020); *Whirlpool Properties, Inc. v. Busers Imports LLC*, Civil Action No. 2:19-cv-00151 (E.D. Tex. June 17, 2020) (Document 103); *Whirlpool Corporation v. Shenzhen Lujian Technology Co., Ltd.*, Civil Action No. 2:21-cv-00397 (E.D. Tex. June 2, 2022) (Document 16); *Whirlpool Corporation v. Individuals, Partnerships, and Unincorporated Associations that Own or Operate www.dfilters.com*, Civil Action No. 2:21-cv-00398 (E.D. Tex. June 2, 2022) (Document 18); and *Whirlpool Corporation v. Individuals, Partnerships, and Unincorporated Associations that Own or Operate www.purerdrop.com*, Civil Action No. 2:21-cv-00433 (E.D. Tex. Dec. 29, 2022) (Document 20).

73.    In violation of 35 U.S.C. § 271, Defendant directly infringes one or more claims of the '451 patent, including but not limited to at least claim 1 by making, using, selling and/or offering to sell in the United States or importing into the United States the infringing filters, including (1) Dearfilter-branded filters bearing model numbers DF005 or DF005A; (2) filters sold

on the website www.dearfilter.com that purport to be replacements for or compatible with the Whirlpool Filter 2 or ICE2 model filters; and/or (3) any other products that purport to be replacements for or compatible with the Whirlpool Filter 2 or ICE2 model filters, which include an engagement protrusion extending from a proximal body portion wherein the engagement protrusion is configured for selective rotational engagement in a complementary receiver in a filter head assembly, wherein the selective rotational engagement of the engagement protrusion with the complementary receiver places the filter head assembly in selective communication with an interior of the proximal body portion; at least one engagement surface traversing around at least part of the proximal body portion at an angle, the at least one engagement surface configured to cooperate with the complementary receiver in the filter head assembly to define the selective rotational engagement; and at least one seal member disposed on a sidewall of the engagement protrusion, wherein a cross section of the at least one seal member taken at an angle perpendicular to a longitudinal axis of the engagement protrusion and through the sidewall at the at least one seal member includes only one axis of symmetry.  Accordingly, Defendant literally infringes one or more claims of the '451 patent or does so under the doctrine of equivalents.

74.    Defendant will continue to infringe one or more claims of the '451 patent unless enjoined by this Court.  As a direct and proximate result of Defendant's direct infringement of the '451 patent, Whirlpool has been and continues to be damaged.

75.    Defendant indirectly infringes, through induced and/or contributory infringement, the '451 patent.  On information and belief, Defendant had prior knowledge of the '451 patent, such as through Whirlpool's marking of the Filter 2 and ICE2 products and Defendant's procurement of the infringing filters.

76.    Despite Defendant having notice of the '451 patent, Defendant continues to make, use, sell and/or offer to sell and provide installation, operational support, and instructions for the

infringing filters, including with the knowledge or willful blindness that its conduct will induce Defendant's customers to infringe one or more claims of the '451 patent, including advertising the infringing filters as compatible with or replacements for Whirlpool filters.  Through such activities, Defendant specifically intends that its customers directly infringe one or more claims of the '451 patent.

77.     On information and belief, Defendant is contributorily infringing and will continue to contributorily infringe one or more claims of the '451 patent for the following reasons. Defendant provides to its customers, the direct infringers, the replacement filters, such as the Dearfilter DF005 and DF005A model filters, that lack substantial non-infringing uses and that lead to infringement when installed into refrigerators' water filter assemblies.  These infringing components are a material part of the installation of a replacement filter into the refrigerator's water filter assembly, whose water filtering system would not function properly without them.

78.     On information and belief, Defendant had actual and/or constructive notice of the '451 patent.

79.     Defendant's infringement occurred with knowledge of the '451 patent and thus has been and will continue to be willful and deliberate.

80.     On information and belief, Defendant sought to copy Whirlpool's patented Filter 2 and ICE2 designs.  Defendant's egregious conduct constitutes willful and deliberate infringement, which entitles Whirlpool to enhanced damages under 35 U.S.C. § 285.

**COUNT VI**
**INFRINGEMENT OF U.S. PATENT NO. 10,101,820**

81.     Whirlpool repeats and re-alleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

82.     On July 3, 2018, the USPTO duly and legally issued United States Patent No. 10,010,820 ("the '820 patent") entitled "Filter Unit."  Appended as Exhibit F is a true and correct

copy of the '820 patent.

83.    Whirlpool is the owner of the entire right, title and interest in and to the '820 patent, including the right to sue and recover past, present, and future damages for infringement.

84.    Whirlpool manufactures products that practice the '820 patent, including Whirlpool "Filter 2" and "ICE2" filters, and marks such products with the '820 patent.

85.    The validity and enforceability of the '820 patent has been recognized and acknowledged in Final Judgments in the patent infringement cases captioned *Whirlpool Properties, Inc. v. Asscon International Company Limited LLC et al.*, Civil Action Nos. 2:20-CV-00042 and 2:20-CV-00043 (E.D. Tex. Apr. 27, 2020); *Whirlpool Properties, Inc. v. Busers Imports LLC*, Civil Action No. 2:19-cv-00151 (E.D. Tex. June 17, 2020) (Document 103); *Whirlpool Corporation v. Shenzhen Lujian Technology Co., Ltd.*, Civil Action No. 2:21-cv-00397 (E.D. Tex. June 2, 2022) (Document 16); *Whirlpool Corporation v. Individuals, Partnerships, and Unincorporated Associations that Own or Operate www.dfilters.com*, Civil Action No. 2:21-cv-00398 (E.D. Tex. June 2, 2022) (Document 18); and *Whirlpool Corporation v. Individuals, Partnerships, and Unincorporated Associations that Own or Operate www.purerdrop.com*, Civil Action No. 2:21-cv-00433 (E.D. Tex. Dec. 29, 2022) (Document 20).

86.    In violation of 35 U.S.C. § 271, Defendant directly infringes one or more claims of the '820 patent, including but not limited to at least claim 1 by making, using, selling and/or offering to sell in the United States or importing into the United States the infringing filters, including (1) Dearfilter-branded filters bearing model numbers DF005 or DF005A; (2) filters sold on the website www.dearfilter.com that purport to be replacements for or compatible with the Whirlpool Filter 2 or ICE2 model filters; and/or (3) any other products that purport to be replacements for or compatible with the Whirlpool Filter 2 or ICE2 model filters, which include a filter unit comprising a filtering media; a body portion; an engagement protrusion extending from

the body portion and comprising a containment seal, wherein at least one cross section of the engagement protrusion at a location of the containment seal, taken perpendicular to a central longitudinal axis of the body portion, includes an egg-shaped outer perimeter having a single axis of symmetry, and wherein the containment seal acts as a barrier that prevents filtered water from leaking around the body portion during use; at least one engagement surface traversing around at least part of the body portion, the at least one engagement surface having a linear movement section for linear movement of the body portion, wherein the rotational movement section is angled from the linear movement section; and a water inlet path and a water outlet path extending through a portion of the engagement protrusion defined by the at least one cross section. Accordingly, Defendants literally infringes one or more claims of the '820 patent or does so under the doctrine of equivalents.

87.    Defendant will continue to infringe one or more claims of the '820 patent unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '820 patent, Whirlpool has been and continues to be damaged.

88.    Defendant indirectly infringes, through induced and/or contributory infringement, the '820 patent. Defendant had prior knowledge of the '820 patent, such as through Whirlpool's marking of Filter 2 and ICE2 products and Defendant's procurement of the infringing filters.

89.    Defendant indirectly infringes through induced and/or contributory infringement, the '820 patent. On information and belief, Defendant had prior knowledge of the '820 patent, such as through Whirlpool's marking of the Filter 2 and ICE2 products and Defendant's procurement of the infringing filters.

90.    Despite Defendant having notice of the '820 patent, Defendant continues to make, use, sell and/or offer to sell and provide installation, operational support, and instructions for infringing filters, including with the knowledge or willful blindness that its conduct will induce

23

Defendant's customers to infringe one or more claims of the '820 patent, including advertising their infringing filters as compatible with or replacements for Whirlpool filters.  Through such activities, Defendant specifically intends that its customers directly infringe one or more claims of the '820 patent.

91.    On information and belief, Defendant is contributorily infringing and will continue to contributorily infringe one or more claims of the '820 patent for the following reasons. Defendant provides to its customers, the direct infringers, the replacement filters, such as the Dearfilter DF005 and DF005A model filters, that lack substantial non-infringing uses and that lead to infringement when installed into refrigerators' water filter assemblies.  These infringing components are a material part of the installation of a replacement filter into the refrigerator's water filter assembly, whose water filtering system would not function properly without them.

92.    Defendant's infringement occurred with knowledge of the '820 patent and thus has been and will continue to be willful and deliberate.

93.    On information and belief, Defendant sought to copy Whirlpool's patented Filter 2 and ICE2 designs.  Defendant's egregious conduct constitutes willful and deliberate infringement, which entitles Whirlpool to enhanced damages under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Whirlpool prays for a judgment against Defendant as follows:

A.    That the Court enter a preliminary and permanent injunction preventing Defendant and its respective officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from engaging in infringing activities with respect to the '894 patent, '716 patent, the '736 patent, the '896 patent, the '451 patent, and the '820 patent by making, using, offering to sell, selling,

importing into the United States, distributing, shipping, or otherwise disposing of filters sold under the brand name "Dearfilter" that purport to be replacements for the Whirlpool Filter 1, Filter 2, Filter 3, and/or ICE2 Filter, or any replacement filters that are not more than colorably different therefrom;

B.     That the Court enter a preliminary and permanent injunction that requires Defendant and its respective officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them to immediately and permanently discontinue all advertising links on websites, social media, or search engines that direct to any webpage operated by Defendant (including all webpages with a www.dearfilter.com domain name) that references filters that purport to be replacements for the Whirlpool Filter 1, Filter 2, Filter 3, and/or ICE2 model filters and/or reference one or more of the following model numbers associated with Whirlpool's patented filter models: "Whirlpool Filter 1," "EveryDrop Filter 1," "EDR1RXD1," "EDR1RXD2," "EDR1RXD3," "EDR1RXD4," "EDR1RXD5," "EDR1RXD6," "W10413645A," "W10413645," "Whirlpool Filter 2," "EveryDrop Filter 2," "EDR2RXD1," "EDR2RXD2," "EDR2RXD3," "EDR2RXD4," "EDR2RXD5," "EDR2RXD6," "W10295370," "W10295370A," "Whirlpool Filter 3," "EveryDrop Filter 3," "EDR3RXD1," "EDR3RXD2," "EDR3RXD3," "EDR3RXD4," "EDR3RXD5," "EDR3RXD6," "4396841," "4396710" "Whirlpool ICE2," "EveryDrop ICE2," or "F2WC9I1";

C.     That the Court enter a preliminary and permanent injunction that requires that

if Defendants are in violation of any aspect of the Court's injunction relating to infringing conduct on the www.dearfilter.com website more than 30 days after entry of the injunction, Defendant is further ordered to shut down the infringing website entirely and transfer ownership of the infringing website's domain to Whirlpool;

D.      That the domain name registries, internet service providers, hosts, and/or the individual registrars holding or listing the www.dearfilter.com website, including but not limited to NameSilo LLC and Verisign, Inc. shall, within seven days of notice of a preliminary or permanent injunction from this Court, temporarily disable these domain names, or any subset of these domain names specified by Whirlpool, through a registry hold or otherwise, and make them inactive and non-transferable pending further order from this Court, unless Whirlpool requests that particular domain names be released from such restraints;

E.      That the Court award damages for the willful and deliberate infringement of the '894 patent, '716 patent, the '736 patent, the '896 patent, the '451 patent, and the '820 patent to which Whirlpool is entitled, including enhanced damages under 35 U.S.C. § 284 and attorney fees under 35 U.S.C. § 285;

F.      That the Court enter a judgment that the '894 patent, '716 patent, the '736 patent, the '896 patent, the '451 patent, and the '820 patent are not invalid;

G.      That the Court enter a judgment that the '894 patent, '716 patent, the '736 patent, the '896 patent, the '451 patent, and the '820 patents are enforceable;

H.      That the Court award punitive damages to the fullest extent available under common law;

I.      That the Court award interest on the damages; and

J.      For any and all such other relief as this Court may deem appropriate.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury on all issues appropriately triable by a jury.

Dated: May 26, 2023

Respectfully submitted,

By: */s/ Melissa R. Smith*
Melissa R. Smith (*TX State Bar No. 24001351*)
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
Email:  Melissa@gillamsmithlaw.com

Jeffrey D. Harty (IA AT0003357)
(Admitted Eastern District of Texas)
Ryan Stefani (IA AT00012387)
(Admitted in the Eastern District of Texas)
NYEMASTER GOODE, P.C.
700 Walnut Street, Ste. 1600
Des Moines, IA 50309-3899
Telephone: (515) 283-3100
Facsimile:  (515) 283-3108
Email:   jharty@nyemaster.com
Email    rstefani@nyemaster.com

***Attorneys for Plaintiff***
**WHIRLPOOL CORPORATION**

33