IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | CIVIL ACTION NO.  2:23-CV-00230-JRG |
| v. | § | |
| | § | |
| UMALL TECHNOLOGY S.A.R.L., | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Plaintiff Whirlpool Corporation ("Plaintiff" or "Whirlpool") has moved for a default judgment and permanent injunction. (Dkt. No. 11.) Whirlpool alleges that Defendant Umall Technology S.A.R.L. ("Defendant") is offering to sell, selling, and importing refrigerator water filters into the United States that infringe Whirlpool's U.S. Patent Nos. 7,000,894; 8,356,716; 8,591,736; 8,845,896; 9,937,451; and 10,101,820 (collectively, "the Patents"). Whirlpool alleges that it will be irreparably harmed if the Court does not provide permanent injunctive relief to stop Defendants' infringing activities.

## FINDINGS AND CONCLUSIONS

The Court makes the following findings and conclusions:

1.     This Court has jurisdiction over this matter pursuant to 35 U.S.C. §§ 1331 and 1338.

2.     This Court has personal jurisdiction over Defendant, as it has actively engaged in the advertising for sale, sales, and/or distribution of the accused products in Texas, including in this judicial district. In addition, venue is proper in this Court.

3.      Defendants have been properly served with the summons and operative complaint, and have failed to plead or otherwise defend within the time required by the Federal Rules of Civil Procedure. (Dkt. No. 8.)

4.      A Clerk's Entry of Default was entered against Defendant on August 30, 2023. (Dkt. No. 10.)

5.      The grounds for default against Defendant have been clearly established, there is no evidence that Defendant's default was caused by good faith mistake or excusable neglect, and there has been no showing of substantial prejudice or undue harshness that will result from the entry of a default judgment. *Lindsey, et al. v. Prive Corp., et al.*, 161 F.3d 886, 893 (5th Cir. 1998). Accordingly, upon weighing the relevant factors for consideration, a default judgment is appropriate against Defendant.

### A.  Facts Common to all Claims.

6.      Defendant is a limited liability company organized in France, with no known presence in the United States.

7.      Defendant offers for sale and sells refrigerator water filters to consumers in the United States, including the Dearfilter DF001, DF004, DF005, DF005A, and other Dearfilter-branded filters that are purportedly compatible with the Whirlpool Filter 1, 2, 3, and ICE2 (hereinafter "the Accused Products"), as shown in Exhibit A hereto.

### B.  Patent Infringement Claims (All Counts).

8.      Whirlpool alleges that the Patents are valid and enforceable, and that Defendant's offer for sale, sale, distribution, and importation of refrigerator water filters into the United States has infringed and continues to infringe the Patents in violation of 35 U.S.C. § 271.

9.      Specifically, Whirlpool alleges that Defendant's offer for sale, sale, distribution, and importation of the DearFilter DF001, DF004, and other Dearfilter-branded filters that purport to be compatible with or replacements for Whirlpool "Filter 1" or "Filter 3" model filters literally infringes at least claims 1 and 4 of U.S. Patent No. 7,000,894 ("the '894 patent"), and that Defendant's infringement of the '894 patent was willful.

10.     Whirlpool further alleges that Defendant's offer for sale, sale, distribution, and importation of the Dearfilter DF005, DF005A, and other Dearfilter-branded filters that purport to be compatible with or replacements for Whirlpool "Filter 2" or "ICE2" model filters literally infringes at least claim 1 of U.S. Patent Nos. 8,356,716 ("the '716 patent"); 8,591,736 ("the '736 patent"); 8,845,896 ("the '896 patent"); 9,937,451 ("the '431 patent"); and 10,101,820 ("the '820 patent"), and that Defendant's infringement of the '716 patent,'736 patent, '896 patent, '451 patent, and '820 patent was willful.

11.     Having failed to plead or otherwise defend within the time required by the Federal Rules of Civil Procedure, this Court accepts Whirlpool's allegations relating to Defendant's infringement of the Patents as true. *Eisenhour v. Stafford*, No. 9:12-CV-62, 2013 WL 6212725, at *2 (E.D. Tex. Nov. 26, 2013) (citing *Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992)). *See also* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.").

12.     Defendant's offer for sale, sale, distribution, and importation of the Dearfilter DF001, DF004, and other Dearfilter-branded filters that purport to be compatible with or replacements for Whirlpool "Filter1" or "Filter 3" model filters literally infringes at least claim 1 of U.S. Patent No. 7,000,894 ("the '894 patent").

13.    Defendant's offer for sale, sale, distribution, and importation of the Dearfilter DF005, DF005A, and other Dearfilter-branded filters that purport to be compatible with or replacements for Whirlpool "Filter 2" or "ICE2" model filters literally infringes at least claim 1 of the '716 patent, '736 patent, '896 patent, '451 patent, and '820 patent.

14.    Defendant's infringement of the Patents was willful.

15.    Whirlpool has presented sufficient evidence to establish that this is an exceptional case for which an award of Whirlpool's reasonable attorney fees is appropriate pursuant to 35 U.S.C. § 284. Whirlpool shall have until April 22, 2024 to submit an application for reasonable attorney fees.

16.    An award of costs in favor of Whirlpool is also appropriate under Rule 54(d)(1). The Clerk of Court shall tax costs after the Court's entry of final judgment and Whirlpool's submission of a bill of costs.

17.    Whirlpool also requests that this Court enter an order permanently enjoining Defendant and its subsidiaries, successors, assigns, officers, directors, agents, servants, employees, attorneys, and persons in active concert or participation with them (including any affiliated entities) from infringing, directly or indirectly, claim 1 of the '716 patent, '736 patent, '896 patent, '451 patent, and '820 patent, by offering to sell, selling, importing into the United States, distributing, shipping, or otherwise disposing of the Accused Products or any replacement water filters that are not more than colorably different therefrom.

18.    Whirlpool has presented sufficient evidence to establish that it has suffered an irreparable injury as a result of Defendant's infringement of the Patents, that remedies available at law, such as monetary damages, are inadequate to compensate for its injury, that the balance

of hardships between the parties favors a remedy in equity, and that the public interest would not be disserved by a permanent injunction.

19.     Absent a permanent injunction, Defendant's offer for sale, sale, distribution, and importation, and shipment of the Accused Products will result in immediate and irreparable injury to Whirlpool in the form of continued loss of market share, the loss of Whirlpool's exclusive patent rights, and harm to Whirlpool's goodwill and reputation for providing premium products. Furthermore, because Defendant is a foreign actor with no apparent domestic presence, it may be difficult or impossible for Whirlpool to collect a monetary judgment against Defendant.

20.     Further, Whirlpool has presented sufficient evidence to establish that absent the entry of a permanent injunction, Defendant will continue to offer to sale, sell, distribute, and import the Accused Products into the United States.

### ENTRY OF JUDGMENT

Based on these finding and conclusions, the Court enters judgment as follows:

1.     Pursuant to 35 U.S.C. § 285, Whirlpool is entitled to recover its reasonable attorney fees. In support of its request for attorney fees, Whirlpool has submitted the declaration of Attorney Jeffrey D. Harty and an itemization of fees. (Dkt. No. 15.) Having considered the declaration of Mr. Harty and accompanying itemization of fees, the Court hereby orders that Whirlpool recover from Defendants the amount of $11,555.30 in attorney fees.

2.     The Clerk of Court shall tax costs in favor of Whirlpool, as a prevailing party, upon Whirlpool's submission of a bill of costs.

3.     Defendant and its subsidiaries, successors, assigns, officers, directors, agents, servants, employees, attorneys, and persons in active concert or participation with them

(including any affiliated entities) are permanently enjoined from infringing, directly or indirectly, claim 1 of U.S. Patent No. 8,356,716, claim 1 of U.S. Patent No. 8,591,736, claim 1 of U.S. Patent No. 8,845,896, claim 1 of U.S. Patent No. 9,937,451, and claim 1 of U.S. Patent No. 10,101,820, by offering to sell, selling, distributing, or importing into the United States the Dearfilter DF005, DF005A, and other Dearfilter-branded filters that purport to be compatible with or replacements for Whirlpool "Filter 2" or "ICE2" model filters or any replacement water filters that are not more than colorably different therefrom.

4.    Defendant and its subsidiaries, successors, assigns, officers, directors, agents, servants, employees, attorneys, and persons in active concert or participation with them (including any affiliated entities) are permanently enjoined from working with Visa, Mastercard, Discover, American Express, PayPal, Venmo, and all other similar payment processing companies who are acting in concert with or under the direction of Defendant and/or its subsidiaries, successors, assigns, officers, directors, agents, servants, employees, attorneys, and persons in active concert or participation with them (including any affiliated entities), to provide services in connection with the continued operation of the www.dearfilter.com website. The prohibition in this paragraph shall terminate in the event Defendant stops infringing the '716 patent, the '736 patent, the '896 patent, the '451 patent, and/or the '820 patent through the offer for sale, sale, distribution, or importation into the United States the Dearfilter DF005, DF005A, or other Dearfilter filters that purport to be compatible with or replacements for Whirlpool "Filter 2" or "ICE2" model filters or any replacement water filters that are not more than colorably different therefrom.

5.    Defendant and its subsidiaries, successors, assigns, officers, directors, agents, servants, employees, attorneys, and persons in active concert or participation with them

(including any affiliated entities) shall immediately and permanently discontinue all advertising links on websites, social media, or search engines that direct to any webpage operated by Defendant (including all webpages with a www.dearfilter.com domain name) that reference (a) one or more of the DearFilter DF005, DF005A, or Dearfilter filter models that purport to be compatible with the Whirlpool Filter 2 or ICE2; and/or (b) one or more of the following model numbers associated with Whirlpool's patented water filter models: "EveryDrop Filter 2", "EDR2RXD1", "EDR2RXD2", "EDR2RXD3", "EDR2RXD4", "EDR2RXD5", "EDR2RXD6", "W10413645A", "W10413645", "Whirlpool ICE2", "EveryDrop ICE2", or "F2WC9I1."

6.    Defendant and its subsidiaries, successors, assigns, officers, directors, agents, servants, employees, attorneys, and persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise are ordered to (1) turn over any existing inventory of the Dearfilter DF005, DF005A, or Dearfilter-branded filters that purport to be compatible with the Whirlpool Filter 2 or ICE2 model filters, to Whirlpool for destruction within 30 days, or (2) if a party objects to turning over its inventory to Whirlpool, then that party must, within 30 days of receiving notice of this order, provide a certification to Whirlpool that it is not acting on behalf of, as an independent contractor for, or otherwise in active concert or participation with Defendant or any of its subsidiaries, successors, assigns, officers, directors, agents, servants, employees, or attorneys in acquiring or distributing inventory of the Dearfilter DF005, DF005A, or Dearfilter-branded filters that purport to be compatible with the Whirlpool Filter 2 or ICE2 model filters, or any colorable variations thereof. Whirlpool shall hold all inventory obtained hereunder and not destroy it until the final resolution of this case, including expiration of time to appeal.

7.    The domain name registries, internet service providers, hosts, and/or the individual registrars holding or listing the www.dearfilter.com website domain, including but not limited to NameSilo LLC and Versign, Inc. shall, within seven (7) days of notice of this Order, temporarily disable the www.dearfilter.com domain name, or any subset of this domain name specified by Whirlpool, through a registry hold or otherwise, and make it inactive and non-transferable pending further order from this Court, unless Whirlpool requests that particular domain names be released from such restraints.

## So Ordered this

**Jun 13, 2024**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

# EXHIBIT A







